UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TODD WAYNE PLAMONDON,

        Petitioner,

                                   CASE NO. 1:13-CV-190

v.

                                   HON. ROBERT J. JONKER

SHERRY L. BURT,

        Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

        The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 5) and Petitioner Plamondon's Objections to Report and Recommendation (docket # 6).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Petitioner's habeas claim is time-barred, is factually sound and legally correct.

The Report and Recommendation carefully details the procedural history and applicable statute of limitations in this case and finds correctly that Petitioner's conviction became final on Friday, September 9, 1994. (Report and Recommendation, docket # 5, at 4.) As the Report and Recommendation notes, the Sixth Circuit has held that a petitioner whose conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), April 24, 1996, had a one-year grace period from the effective date of the statute to file a habeas petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Petitioner does not dispute that he filed his petition on or about February 21, 2013, well after the expiration of the statute of limitations under AEDPA. Nor does he argue that equitable tolling applies here. He objects that because his conviction became final before AEDPA was enacted, it is improper to apply AEDPA's statute of limitations provisions to him. His objection fails, because it is contrary to well-established law. *See Payton*, 256 F3d 407 (applying AEDPA statute of limitations to petitioner whose conviction became final prior to effective date of AEDPA); *Searcy*, 246 F.3d 517 (same). Petitioner's claim is time-barred.

Under AEDPA, a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also*, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of

appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In this case, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge correctly concluded that Petitioner's habeas corpus petition is time-barred, and Petitioner is not entitled to a certificate of appealability.  Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 5) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1.    Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DENIED** because it is barred by the statute of limitations; and

2.    Petitioner is **DENIED** a certificate of appealability.

Dated:    September 4, 2013            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE